# IN THE UNITED STATES DISTRICT COURT

## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **MICHAEL BONTY, SR.,** | ) | |
| | ) | |
| **Petitioner/Defendant,** | ) | |
| | ) | **CIVIL NO. 05-cv-797-MJR** |
| **vs.** | ) | |
| | ) | **CRIMINAL NO. 02-cr-30116** |
| **UNITED STATES of AMERICA ,** | ) | |
| | ) | |
| **Respondent/Plaintiff.** | ) | |

## <u>MEMORANDUM AND ORDER</u>

**REAGAN, District Judge:**

A jury found Petitioner guilty of transporting a minor female in interstate commerce with intent to engage in criminal sexual activity, a violation of 18 U.S.C. §§ 2 and 2423(a), and witness tampering, in violation of 18 U.S.C. § 1518(b)(3).   On August 18, 2003, this Court imposed an aggregate sentence of 660 months incarceration, three years supervised release, a special assessment of $500 and a fine of $25,000.  Petitioner appealed his conviction, arguing that the Court erred in admitting certain evidence, and that there was insufficient evidence to convict him.  These arguments were rejected; his conviction and sentence were affirmed.  *United States v. Bonty*, 383 F.3d 575 (7th Cir. 2004).

In this motion, Petitioner now argues that counsel was ineffective.  Specifically, as elaborated upon in his supporting memorandum, he argues that Counsel was ineffective in two instances:

> (1) counsel failed to object when the Court allowed the prosecutor to amend the indictment "by adding a return trip".  He claims that the grand jury indicted hin "for a one way trip from Missouri to Illinois."  Therefore, to allow an amendment to include a round trip "would have been a dead bang winner of an issue" thus requiring that his sentence be vacated.

(2) Counsel was ineffective at closing argument by failing to object to the prosecutor's statement that Petitioner stipulated that he was in possession of the firearm ammunition and traveling in interstate commerce.

Petitioner also argues that because his sentence enhancements were not contained in the indictment nor presented to the jury, his sentence must be vacated. He recently filed a motion to supplement his § 2255 motion (Doc. 2), which seeks to include enhance this argument with a claim that his sentence is invalidated by the recent Supreme Court cases of *Blakely v. Washington*, 124 S.Ct. 2531 (2004), and *United States v. Booker*, 125 S.Ct. 738 (U.S. Jan. 12, 2005). Accordingly, the motion to supplement is **GRANTED**.

The Court **ORDERS** the Government to file a response to Petitioner's motion within **THIRTY (30) DAYS** of the date of this Order. The Government shall, as part of its response, attach all relevant portions of the record.

**IT IS SO ORDERED.**

**DATED this 4th day of April, 2006.**

**s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**