IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL D. BONTY, )<br>)<br>    Petitioner, )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>    Respondent. ) | Case No. 05-cv-0797-MJR |

ORDER

**REAGAN, District Judge:**

In May 2003, a jury convicted Michael Bonty on criminal charges including transporting a minor in interstate commerce with the intent to engage in criminal sexual activity, attempting to intimidate a juvenile by leaving a message on her cellular telephone with the intent to hinder her from communicating with law enforcement officers, and being a felon in possession of ammunition. In August 2003, this Court denied Bonty's motion for judgment of acquittal or new trial and sentenced him to a 660-month term of imprisonment. Judgment was entered on August 19, 2003. *See* Doc. 168 in Case No. 02-30116.

In September 2004, the United States Court of Appeals for the Seventh Circuit affirmed the judgment of this Court. In November 2005, Bonty filed the above-captioned *civil* case, collaterally attacking his sentence and seeking relief under 28 U.S.C. § 2255.

On July 18, 2006, the undersigned Judge denied Bonty's motion for § 2255 relief. Judgment was entered in this civil case on July 26, 2006. By pro se motion submitted to the Court on August 2, 2006, Bonty seeks reconsideration of his § 2255 petition under Federal Rule of Civil Procedure 59(e).

Four weeks ago, the Court directed the Clerk's Office to file-stamp and docket Bonty's motion (which had been sent to the Court via letter, rather than properly submitted to the Clerk's Office for filing). The Court further directed the Government to file a response addressing (a) whether Bonty's motion is properly analyzed under Rule 59(e) or Rule 60(b), (b) whether the Government served Bonty with its response to the § 2255 petition, and (c) whether any relief is appropriate on Bonty's current motion, under either Rule 59(e) or Rule 60(b). The Government responded on August 28th.

As this Court noted in the August 3, 2006 Order (Doc. 10 in Case No. 05-0797-MJR), if a motion to reconsider is filed within ten days of entry of judgment, Rule 59(e) applies. If the motion to reconsider was filed *more than* ten days after entry of the challenged judgment or order, Rule 60(b) applies. *See, e.g., Talano v. Northwestern Medical Faculty Foundation,* Inc., 273 F.3d 757, 762 (7th Cir. 2001); *Britton v. Swift Transp. Co., Inc.*, 127 F.3d 616, 618 (7th Cir. 1997). *Accord Borrero v. City of Chicago,* 456 F.3d 698, 699 (7th Cir. July 14, 2006).

Judgment was entered in this civil case (denying § 2255 relief) on July 26th, and Bonty moved for reconsideration on August 2nd – within ten days of the entry of judgment. So Rule 59(e) applies.

Rule 59(e) requires that the moving party (here – Bonty) "present newly discovered evidence" or "clearly establish a manifest error of law or an intervening change in the controlling law." *Romo v. Gulf Stream Coach, Inc.*, 250 F.3d 1119, 1122 n.3 (7th Cir. 2001), *citing* Cosgrove v. Bartolotta, 150 F.3d 729, 732 (7th Cir. 1998). *Accord* Baicker-McKee, Janssen & Corr, FEDERAL CIVIL RULES HANDBOOK, p. 958 (2006)(recognizing four grounds for relief under Rule 59(e): "to incorporate an intervening change in the law, to reflect new evidence not available [previously], to correct a clear legal error, and to prevent a manifest injustice."); *Publishers Resource, Inc. v. Walker-Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985)(Rule 59(e) motions serve a limited function: "to correct manifest errors of law or fact or to present newly discovered evidence.").

Rule 59(e) motions may *not* be used to relitigate issues already presented or to present arguments which *could* have been previously addressed. *Caisse Nationale de Credit Agricole v. CBI Industries, Inc.*, 90 F.3d 1264, 1270 (7th Cir. 1996)("Reconsideration is not an appropriate forum for rehashing previously rejected arguments or arguing matters that could have been heard during the pendency of the previous motion."). *Accord Bally Export Corp. v. Balicar Ltd.*, 804 F.2d 398, 404 (7th Cir. 1986); *Publishers Resource,* 762 F.2d at 561.

As the Seventh Circuit explained earlier this year:

> "A court may grant a Rule 59(e) motion to alter or amend the judgment if the movant presents newly discovered evidence that was not available at the time of trial or if the movant

> points to evidence in the record that clearly establishes a manifest error of law or fact." Matter of Prince, 85 F.3d 314, 324 (7th Cir.1996). But a Rule 59(e) motion "is not appropriately used to advance arguments or theories that could and should have been made before the district court rendered a judgment." LB Credit Corp. v. Resolution Trust Corp., 49 F.3d 1263 (7th Cir.1995).

*County of McHenry v. Insurance Co. of the West*, 438 F.3d 813, 819 (7th Cir. 2006).

In the instant case, Bonty has presented no newly discovered evidence that was unavailable when the Court ruled on the § 2255 motion. Nor has Bonty identified evidence in the record establishing a manifest legal or factual error by the Court. Rather, Bonty attempts to either re-argue previously rejected points (*e.g.*, his argument regarding ineffective assistance of counsel) or offer arguments he could have presented earlier (*e.g.*, slight variations on his previous assertions regarding double jeopardy).

Bonty has offered no ground warranting reconsideration under Rule 59(e). Accordingly, the Court **DENIES** Bonty's August 2, 2006 motion to reconsider (Doc. 11).

IT IS SO ORDERED.

DATED this 6th day of September 2006.

s/ Michael J. Reagan  
MICHAEL J. REAGAN  
United States District Judge