IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL BONTY, SR. ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 05-cv-0797-MJR |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

### MEMORANDUM and ORDER

**REAGAN, District Judge:**

A seven-day jury trial four years ago resulted in Bonty's conviction in Case No. 02-cr-30116. Bonty filed the above-captioned civil proceeding challenging his sentence under 28 U.S.C. § 2255. This Court denied Bonty's § 2255 motion (and judgment was entered accordingly) in July 2006. Bonty appealed in September 2006.

Several weeks later, Bonty sought leave to appeal in forma pauperis, a motion which this Court granted on October 12, 2006. The following day, the United States Court of Appeals for the Seventh Circuit notified this Court of the docket number for Bonty's appeal (Case No. 06-3754). On October 17, 2006 and February 23, 2007, the Clerk's Office of this Court transmitted to the Court of Appeals the "record on appeal" and two supplemental records on appeal (*see* Docs. 21, 22 and 24).

On April 19, 2007, Bonty filed a motion in this Court seeking relief from judgment under Federal Rule of Civil Procedure 60(b)(3). This Court cannot rule on Bonty's latest motion, because his appeal already is pending in the Seventh Circuit.

When Bonty filed his notice of appeal on September 18, 2006, <u>this</u> Court lost the power to issue any rulings on the *merits* of Bonty's § 2255 petition, since Bonty was challenging (in the higher Court) the undersigned Judge's handling of the § 2255 petition. "The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Wisconsin Mut. Ins. Co. v. United States*, 441 F.3d 502, 504 (7th Cir. 2006), *citing Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). *Accord Kusay v. United States*, 62 F.3d 192, 193 (7th Cir. 1995).

Stated more simply, the filing of the notice of appeal "shifts control over the issues on appeal to the appellate court," at which point the district court loses the power to alter the ruling taken up on appeal. *See Brenner v. C.F.T.C.*, 338 F.3d 713, 722 (7th Cir. 2003). This reduces the chance for conflict among tribunals (different rulings from two courts handling the same issue at the same time) and prevents "the waste of time and money that occurs if the district court changes a judgment after an appeal...." *Wisconsin Mut. Ins. Co.,* 441 F.3d at 504.

Accordingly, the Court **DENIES FOR LACK OF SUBJECT MATTER JURISDICTION** Bonty's April 19, 2007 motion for relief from judgment (Doc. 27).

IT IS SO ORDERED.

DATED this 27th day of April 2007.

                                                    s/ Michael J. Reagan
                                                    MICHAEL J. REAGAN
                                                    United States District Court