IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL BONTY, SR. ) | |
| ) | |
|     Petitioner, ) | |
| ) | |
| vs. ) | Case No. 05-cv-0797-MJR |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
|     Respondent. ) | |

## MEMORANDUM and ORDER

**REAGAN, District Judge:**

After a week-long trial in this Court, a jury convicted Michael Bonty, Sr. in Case No. 02-cr-30116. Bonty later filed the above-captioned civil proceeding challenging his sentence under 28 U.S.C. § 2255. This Court denied Bonty's § 2255 motion in July 2006, and judgment was entered accordingly. Bonty appealed in September 2006.

On April 19, 2007, Bonty moved *this* Court for relief from judgment under Federal Rule of Civil Procedure 60(b)(3). A week later, the undersigned Judge entered a written Order explaining that he could not reach the merits of that motion, because Bonty's case was still pending in the United States Court of Appeals for the Seventh Circuit. The Order explained (Doc. 29, p. 2):

> When Bonty filed his notice of appeal on September 18, 2006, this Court lost the power to issue any rulings on the *merits* of Bonty's § 2255 petition, since Bonty was challenging (in the higher Court) the undersigned Judge's handling of the § 2255 petition. "The filing of a notice of appeal is an event of jurisdictional significance – it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal." *Wisconsin*

*Mut. Ins. Co. v. United States*, 441 F.3d 502, 504 (7th Cir. 2006), *citing Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982). *Accord Kusay v. United States*, 62 F.3d 192, 193 (7th Cir. 1995).

Bonty now asks this Court to reconsider that conclusion and rule on the merits of the April 19, 2007 motion for relief from judgment, on the ground that this Court erred in believing the case was still on appeal at that time. Bonty points to a March 16, 2007 Order from the Seventh Circuit Court of Appeals which denied his request for a certificate of appealability.

What Bonty fails to understand (understandably so, as a non-lawyer) is that until the Seventh Circuit issued its "mandate," the case was <u>not</u> back in this Court. So the undersigned Judge could take no action. The Seventh Circuit issued its mandate on May 9, 2007. Until then, this Court had no jurisdiction to rule on any merits-based motion by Bonty (precisely what his April 2007 motion for relief from judgment was). The Seventh Circuit emphasized this in *Kusay*, **62 F.3d at 194**:

> Just as the notice of appeal transfers jurisdiction to the court of appeals, so the mandate returns it to the district court. Until the mandate issues, the case is "in" the court of appeals, and any action by the district court is a nullity.

Having correctly disposed of the motion for relief from judgment (Doc. 27) via the April 27, 2007 Order (Doc. 29), the Court **DENIES** the motion (Doc. 31) to reconsider that disposition. Since the mandate now *has* issued, the Court anticipates that Bonty will re-file his motion for relief from judgment under Rule 60(b)(3).

Assuming *arguendo* that Bonty could properly file the motion for relief from

judgment post-appeal (having already tried a motion to *reconsider* the judgment before appeal), the Court finds no merit in Bonty's arguments that the prosecutor (Ms. Morrissey) perpetrated a "fraud upon the court" requiring the undersigned Judge to vacate the Order denying Bonty § 2255 relief.[1]

This Court denied Bonty's § 2255 petition in July 2006 and denied his motion to reconsider in August 2006. Those rulings were challenged – and rejected – on appeal. Bonty cannot now, post-appeal, rehash old arguments or present new ones. Even if the Rule 60(b)(3) motion is properly filed at this point, Bonty has presented no basis on which such relief could be granted.

IT IS SO ORDERED.

DATED this 16th day of May 2007.

                    s/ Michael J. Reagan
                    MICHAEL J. REAGAN
                    United States District Court

---

[1] The record does not support Bonty's contention that Morrissey defrauded the Court, made a misrepresentation to the Court or engaged in *any* form of misconduct as to (a) the certificate of service on the § 2255 briefs, (b) her arguments about whether Bonty's trial counsel was ineffective, or (c) the steps she undertook to obtain a continuance of her § 2255 briefing deadline.