IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL BONTY, SR. | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Case No. 05-cv-0797-MJR |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## MEMORANDUM and ORDER

**REAGAN, District Judge:**

Following conviction by jury and sentencing by the undersigned Judge in Case No. 02-cr-30116, Michael Bonty commenced a civil proceeding under 28 U.S.C. § 2255. This Court denied Bonty's § 2255 motion in July 2006, and Bonty appealed in September 2006.

In April 2007, this Court denied Bonty's motion for relief from judgment under Federal Rule of Civil Procedure 60(b)(3), because Bonty's case was still pending in the United States Court of Appeals for the Seventh Circuit. In May 2007, this Court denied Bonty's motion for reconsideration of that ruling, noting (Doc. 32, p. 3):

> This Court denied Bonty's § 2255 petition in July 2006 and denied his motion to reconsider in August 2006. Those rulings were challenged – and rejected – on appeal. Bonty cannot now, post-appeal, rehash old arguments or present new ones. Even if the Rule 60(b)(3) motion is properly filed at this point, Bonty has presented no basis on which such relief could be granted.

Undeterred, Bonty again seeks Rule 60 relief via motion filed June 25, 2007.

Bonty's latest motion again asks the Court to find that prosecutor Kit Morrissey "committed fraud upon the court" when she – in the part of her § 2255 brief opposing Bonty's contention that his trial counsel had been ineffective – addressed what the transcript revealed about what Bonty had stipulated to at trial (Doc. 33, pp. 1, 3). Ultimately, the undersigned Judge ruled against Bonty on this point, noting (inter alia) that whatever typographical errors may have been in the transcript, the jurors *never saw* the transcript; plus the jury instruction on this point – which the jurors both heard and saw – was correct.

Rule 60(b) permits a court to vacate a judgment that the court entered as a result of mistake, inadvertence, excusable neglect or fraud. *Disch v. Rasmussen*, 417 F.3d 769, 778 (7th Cir. 2005). But the rule places a "heavy burden on the party seeking to undo" the judgment. *Id.* Stated another way, relief under Rule 60(b) is an extraordinary remedy that should be granted only in exceptional circumstances. *Talano v. Northwestern Medical Faculty Foundation, Inc.*, 273 F.3d 757, 762 (7th Cir. 2001). *Accord Karraker v. Rent-A-Center, Inc.*, 411 F.3d 831, 837 (7t1h Cir. 2005). Rule 60(b) cannot be used to resurrect arguments which could have been made on appeal, to

---

[1] To merit relief under Rule 60(b)(3), the movant must prove that: (1) he maintained a meritorious claim at trial, (2) because of the fraud or misconduct of the adverse party, (3) he was prevented from fully and fairly presenting his case. *Lonsdorf v. Seefeldt*, 47 F.3d 893, 897 (7th Cir. 1995). Bonty comes nowhere near satisfying this burden of proof in this § 2255 proceeding.

rehash arguments unsuccessfully advanced on appeal, or as the basis for a general plea for relief.  *Talano*, 273 F.3d at 762; *United States v. Deutsch*, 981 F.2d 299, 301 (7th Cir. 1992).  *See also Bell v. Eastman Kodak Co.*, 214 F.3d 798, 801 (7th Cir. 2000)(Rule 60(b) allows modification of a judgment only on grounds *unavailable* on direct appeal).

Bonty has demonstrated no proper ground for relief under Rule 60(b)(3) – the ground on which he relies (fraud) – or any other subsection of Rule 60(b).  Finally, the Court notes that the deadline has passed for any *further* motions for relief from judgment based on mistake, inadvertence, surprise, excusable neglect, newly discovered evidence or fraud.  *Arrieta v. Battaglia*, 461 F.3d 861, 864-85 (7th Cir. 2006); *Wesco Products Co. v. Alloy Auto. Co.*, 880 F.2d 981, 983 (7th Cir. 1989).

The Court hereby **DENIES** Bonty's June 25, 2007 motion for relief from judgment under Rule 60(b)(3)(Doc. 33).

IT IS SO ORDERED.

DATED this 2nd day of August 2007.

s/ Michael J. Reagan
MICHAEL J. REAGAN
United States District Court