IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL D. BONTY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 05-cv-0797-MJR |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

MEMORANDUM and ORDER

REAGAN, District Judge:

In the spring of 2003, after a seven-day trial, a jury convicted Michael Bonty on charges of transporting a minor in interstate commerce with the intent to engage in criminal sexual activity, attempting to intimidate a juvenile by leaving a message on her cellular telephone with the intent to hinder or prevent the juvenile from communicating to law enforcement information relating to the commission of a federal offense, and being a felon in possession of ammunition.[1]  In August 2003, the undersigned Judge denied Bonty's (and his co-Defendant's) motions for judgment of acquittal and new trial.  *United States v. Bonty & Hall,* **Case No. 02-cr-30116-MJR.**  This Court then sentenced Bonty to a 660-month prison term, a 3-year term of supervised release, a fine, and a special assessment. Bonty appealed.  In September 2004, the United States Court of Appeals for the Seventh Circuit affirmed the judgment of this District Court.  *See United States v. Bonty,* **383 F.3d 576 (7th Cir. 2004).**

---

[1] The jury acquitted Bonty on one count/charge.

1

In November 2005, Bonty filed a timely petition in the above-captioned case, seeking to vacate, set aside, or correct his sentence under 28 U.S.C. 2255. The undersigned Judge denied/dismissed Bonty's § 2255 petition by Order entered July 18, 2006. That detailed 17-page Order addressed each of multiple arguments asserted by Bonty and concluded that Bonty had not identified any ground supporting relief under § 2255 – including (*inter alia*) Bonty's contention that his trial counsel was ineffective. Judgment was entered July 26, 2006.

Bonty sought reconsideration of the 2255 Order, which was denied by this Court on September 6, 2006. Bonty appealed. The undersigned Judge granted Bonty's motion for leave to appeal in forma pauperis but denied his request for a certificate of appealability (Doc. 18). The Court of Appeals denied Bonty's request for a certificate of appealability on March 16, 2007, noting: "This court has reviewed the final order of the district court and the record on appeal. We find no substantial showing of the denial of a constitutional right" (Doc. 30). Bonty filed additional motions in this Court (and another notice of appeal to the Seventh Circuit), without success. The Seventh Circuit issued another mandate in April 2008 (Doc. 48), dismissing Bonty's November 2007 appeal.

Now, ten years after his conviction, and seven years after this Court denied his § 2255 petition, Bonty has filed a "Motion to Ask Permission to Show Evidence Lawyer Was In Fact Ineffective …" (Doc. 52). The motion clearly endeavors to present an ineffective assistance of counsel argument, thereby mounting a collateral attack on Bonty's conviction and/or sentence.

The undersigned Judge entered an Order on June 20, 2013 explaining the limits on filing § 2255 petitions and inviting the parties to weigh in on whether those limits apply to Bonty's latest filing. The Government responded, and Bonty replied (*see* Docs. 53, 56, 58). Having carefully reviewed the record, the undersigned Judge concludes that he lacks subject matter jurisdiction to entertain what amounts to another § 2255 petition presented by Mr. Bonty.

The Seventh Circuit recently reiterated that the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) "governs § 2255 proceedings and imposes tight limits on second or successive petitions." Specifically, it "allows every prisoner one full opportunity to seek collateral review." ***Vitrano v. U.S.*, -- F.3d --, 2013 WL 3326834, \*3 (7th Cir. July 1, 2013)**, *citing Suggs v. United States*, **705 F.3d 279, 285 (7th Cir. 2013),** *cert. denied,* **-- U.S. --, 133 S. Ct. 2339 (May 13, 2013).** Any additional, later-filed petition under 28 U.S.C. 2255 is a "second or successive" motion which must be authorized by the Court of Appeals. *Id., citing* **28 U.S.C. 2255(h), RULES GOVERNING § 2255 PROCEEDINGS FOR THE U.S. DISTRICTS COURTS 9; and** *U.S. v. Obeid,* **707 F.3d 898, 901 (7th Cir. 2013).**

Indeed, the federal district courts have been instructed to "police attempted end-runs around the successive petition limitations of § 2255." ***Vitrano* at \*3,** *quoting Hare v. United States,* **688 F.3d 878, 880 n. 3 (7th Cir. 2012).** And these gatekeeping rules are jurisdictional. So, if the petitioner has not obtained permission to file the petition from the court of appeals, the district court lacks subject matter jurisdiction to adjudicate it. ***Obeid,* 707 F.3d at 901,** *citing Nunez v. United States,* **96 F.3d 990, 991 (7th Cir. 1996).**

*See also Curry v. United States,* 507 F.3d 603, 605 (7th Cir. 2007), *cert. denied,* 553 U.S. 1102 (2008).

"If a prisoner seeks to challenge his conviction or sentence a second time, he must persuade a court of appeals to certify the motion and authorize the district court to hear it." *Suggs,* 705 F.3d at 282. Because Bonty already filed a Section 2255 petition which was decided on the merits, his new motion (which seeks relief via collateral attack on the same conviction and sentence) constitutes a second or successive motion under 28 U.S.C. 2255.[2] Bonty did not obtain permission from the Court of Appeals before filing his successive motion. This Court lacks subject matter jurisdiction to hear or decide Bonty's latest motion.

Accordingly, the Court **DENIES FOR LACK OF SUBJECT MATTER JURISDICTION** Michael Bonty's June 13, 2013 "Motion to Ask Permission to Show Evidence Lawyer Was in fact Ineffective" (Doc. 52).

IT IS SO ORDERED.

DATED July 31, 2013.

s/ *Michael J. Reagan*
Michael J. Reagan
United States District Judge

---

[2] Bonty's reply brief suggests that (given the Court's June 20, 2013 Order and the Government's response addressing these principles) he now understands this limit to the filing of successive motions. *See* Doc. 58, pp. 3-4 ("Petitioner asks this Court [for] permission to ask Appeals Court permission to authorize a second or successive motion."). Bonty does not need this Court's blessing to seek, and the undersigned cannot properly intercede on his behalf for, permission from the Seventh Circuit to file a successive motion. Bonty must directly request that permission *from* the Seventh Circuit.