IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL D. BONTY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | Case No. 05-cv-0797-MJR |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

MEMORANDUM and ORDER

REAGAN, District Judge:

A seven-day criminal jury trial culminated in May 9, 2003 guilty verdicts against Michael Bonty on charges of transporting a minor in interstate commerce with the intent to engage in criminal sexual activity, attempting to intimidate a juvenile by leaving a message on her cellular telephone with the intent to hinder the juvenile from communicating to law enforcement information relating to the commission of a federal offense, and being a felon in possession of ammunition.[1]  In August 2003, the undersigned Judge denied Bonty's (and his co-Defendant's) motions for judgment of acquittal and new trial.  *United States v. Bonty & Hall,* **Case No. 02-cr-30116-MJR.**

The undersigned sentenced Bonty to a 660-month prison term, a 3-year term of supervised release, a fine, and a special assessment. Bonty appealed unsuccessfully.  *See United States v. Bonty,* **383 F.3d 576 (7th Cir. 2004).**

---

[1] The jury acquitted Bonty on one count/charge.

1

In November 2005, Bonty filed a timely petition to vacate, set aside, or correct his sentence under 28 U.S.C. 2255. The undersigned denied that petition in July 2006. Bonty appealed. The Court of Appeals denied his request for a certificate of appealability on March 16, 2007. Bonty filed additional motions in this Court (and another notice of appeal), without success. The United States Court of Appeals for the Seventh Circuit issued another mandate in April 2008 (Doc. 48), dismissing Bonty's November 2007 appeal.

Seven years after this Court denied Bonty's § 2255 petition, he filed another motion challenging his sentence on ineffective assistance of counsel grounds. After explaining the significance of Bonty's filing and allowing the parties to weigh in, the undersigned (on July 31, 2013) entered an order finding that this Court lacked subject matter jurisdiction to entertain a second or successive § 2255 petition.

One year later (on August 11, 2014), Bonty filed in this closed § 2255 proceeding a "Petition for Return of Seized Property" (Doc. 64) which asks the Court to order the return of Bonty's cellphone, car keys, jewelry and personal papers seized from him on September 29, 2002, when he was arrested in the 2002 criminal matter. Bonty relies on Federal Rule of Criminal Procedure 41(g) for his motion seeking the return of his personal belongings. Rule 41(g) provides:

> A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Rule 41(g) furnishes a mechanism by which criminal defendants can recover their property which was seized by the Government. *United States v. Stevens,* **500 F.3d 625, 627-28 (7th Cir. 2008).** The Seventh Circuit has explained that the proper office of a Rule 41(g) motion is -- *before* forfeiture proceedings have been initiated or criminal charges have been filed -- to seek the return of property seized without probable cause or held an unreasonable time, and that Rule 41(g) can be used *after* criminal proceedings have concluded "to recover the defendant's property when the property is no longer needed…." *United States v. Sims,* **376 F.3d 705, 708 (7th Cir. 2004),** *cert. denied,* **543 U.S. 1094 (2005),** *citing Okoro v. Callaghan,* **324 F.3d 488, 490 (7th Cir.),** *cert. denied,* **539 U.S. 910 (2003).**

Turning to the case at bar, several questions immediately arise as to Bonty's motion, starting with when and where Bonty filed it. Bonty's trial and conviction occurred over 10 years ago. He filed his Rule 41(g) motion for return of property in this closed § 2255 proceeding (which was a collateral attack on his sentence). Caselaw indicates that "once a defendant has been convicted, a motion under Rule 41(g) is deemed to initiate a *civil* equitable proceeding." *United States v. Shaaban,* **602 F.3d 877, 879 (7th Cir. 2010).** *See also United States v. Howell,* **354 F.3d 693, 695 (7th Cir. 2004) (a federal prisoner's petition for return of property seized in administrative forfeiture was a separate new civil proceeding, subject to the requirements of the Prisoner Litigation Reform Act);** *Shaaban,* **602 F.3d at 879.**

So the motion should not have been filed in the closed *criminal* case. *United States v. Norwood,* **602 F.3d 830, 836-37 (7th Cir. 2010) ("a motion in a criminal case is**

3

**not a proper method of commencing a civil suit").** But the § 2255 case does not appear the proper place to lodge a Rule 41(g) motion either and, indeed, may allow Bonty to skirt filing fee and procedural requirements of a new civil suit.

Furthermore, it is unclear whether relief under Rule 41(g) is even available at this date. *See Sims*, **376 F.3d at 708 (Rule 41(g) can be invoked after the conclusion of criminal proceedings but not if the property has been forfeited).** And if the government produces evidence that is "no longer possesses the property at issue, no relief is available under Rule 41(g)." *Stevens,* **500 F.3d at 628-29.**

Finally, it is unclear whether Bonty's motion is timely. Some cases state that no statute of limitations applies to Rule 41(g) motions. But the Seventh Circuit has clarified that although it makes sense to have no time limit on such motions *before* criminal charges are brought or administrative proceedings begun, "once the criminal proceedings or the civil forfeiture proceedings have concluded," a six-year statute of limitations applies." *Sims, 376 F.3d at 708-09. See also Shaaban,* **602 F.3d at 879 (Rule 41(g) movant "has six years from the close of his criminal proceedings to initiate an action for return of his property").** Thus, if Bonty's motion was not filed within six years of the conclusion of his criminal proceedings, it would be time-barred.

The Court does not answer these questions at this time. The undersigned intends to direct the Clerk's Office to file Bonty's August 11, 2014 motion (Doc. 64) as a **petition for return of property in a new civil case** (subject to applicable filing fee and PLRA requirements, as well as screening under 28 U.S.C. 1915A). The Court first will allow the parties state any objection (or proposed alternative) to that action.

Bonty and the United States shall file their Responses to this Order **no later than September 17, 2014**.  The United States specifically shall address whether filing the Rule 41(g) motion as a separate civil proceeding is appropriate and shall identify any jurisdictional impediments to the motion.  Bonty may move to withdraw his motion or opt to go forward with the motion opened as a new civil case, with the filing fee (and/or *in forma pauperis* motion) required.

IT IS SO ORDERED.

DATED August 17, 2014.

                s/ *Michael J. Reagan*
                Michael J. Reagan
                United States District Judge