IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

MICHAEL D. BONTY,                    )
                                     )
            Petitioner,              )
                                     )
vs.                                  )          Case No. 05-cv-0797-MJR
                                     )
UNITED STATES OF AMERICA,            )
                                     )
            Respondent.              )

**ORDER SUA SPONTE EXTENDING
PETITIONER'S DEADLINE TO RESPOND TO
COURT'S 8/17/14 MEMORANDUM AND ORDER**

REAGAN, District Judge:

In May 2003, a jury convicted Michael Bonty on charges of transporting a minor in interstate commerce with the intent to engage in criminal sexual activity, attempting to intimidate a juvenile by leaving a message on her cellular telephone with the intent to hinder the juvenile from communicating to law enforcement information relating to the commission of a federal offense, and being a felon in possession of ammunition.  *United States v. Bonty & Hall,* **Case No. 02-cr-30116-MJR.**   After denying Bonty and his co-Defendant's post-trial motions, the undersigned sentenced Bonty in August 2003. Judgment was entered August 20, 2003, and Bonty appealed unsuccessfully.  *See United States v. Bonty,* **383 F.3d 576 (7th Cir. 2004).**

Bonty filed a timely petition challenging his sentence under 28 U.S.C. 2255.  The undersigned denied that petition in 2006.  Bonty appealed, again without success.

1

Bonty filed additional motions and another appeal.  The Seventh Circuit issued another mandate in April 2008, dismissing Bonty's November 2007 appeal.

In June 2013, Bonty filed another motion challenging his sentence on ineffective assistance of counsel grounds.  In July 2013, after allowing the parties an opportunity to weigh in, the undersigned entered an Order finding that this Court lacked subject matter jurisdiction to entertain a second or successive § 2255 petition.

In August 2014, Bonty filed in this closed § 2255 proceeding a "Petition for Return of Seized Property" (Doc. 64), asking the Court to order the return of Bonty's cellphone, car keys, jewelry and personal papers seized from him in September 2002, when he was arrested in the underlying (2002) criminal matter.  Bonty relies on Federal Rule of Criminal Procedure 41(g) in seeking the return of his personal belongings.

Rule 41(g) furnishes a mechanism by which criminal defendants can recover their property which was seized by the Government.  **United States v. Stevens, 500 F.3d 625, 627-28 (7th Cir. 2008).**   The Seventh Circuit has explained that the proper office of a Rule 41(g) motion is -- *before* forfeiture proceedings have been initiated or criminal charges have been filed -- to seek the return of property seized without probable cause or held an unreasonable time, and that Rule 41(g) can be used *after* criminal proceedings have concluded "to recover the defendant's property when the property is no longer needed…."  **United States v. Sims, 376 F.3d 705, 708 (7th Cir. 2004), *cert. denied,* 543 U.S. 1094 (2005), *citing Okoro v. Callaghan,* 324 F.3d 488, 490 (7th Cir.), *cert. denied,* 539 U.S. 910 (2003).**

In the case at bar, the Court entered an Order August 17, 2014 raising two questions. First, the undersigned questioned whether Bonty had erroneously filed the motion for return of property in this closed § 2255 proceeding. The 8/17/14 Order (Doc. 65) cited caselaw suggesting that after a defendant has been convicted (which was 11 years ago for Bonty), a Rule 41(g) motion can be treated as opening a new civil equitable proceeding. *See United States v. Shaaban,* 602 F.3d 877, 879 (7th Cir. 2010); *United States v. Howell,* 354 F.3d 693, 695 (7th Cir. 2004). Second, the Court questioned whether Bonty's motion as timely. Here, the undersigned cited cases indicating that once the criminal proceedings (or civil forfeiture proceedings have concluded), a six-year statute of limitations applies. *Sims,* 376 F.3d at 708-09. *See also Shaaban,* 602 F.3d at 879 (Rule 41(g) movant "has six years from the close of his criminal proceedings to initiate an action for return of his property").

The Court directed Bonty and the United States to address these questions in a brief filed by September 17, 2014. Certain that the motion for return of property was not properly filed in this closed § 2255 case, the Court invited the parties to voice any objection *or alternative to* filing the Rule 41(g) motion as a separate civil case.

Bonty's copy of the 8/17/14 Order (setting the 9/17/14 deadline) was slightly delayed in reaching him, and had to be re-mailed on August 29, 2014, due to a problem with an outdated address for him used by the Clerk's Office. The Government responded with to the 8/17/14 Order with a detailed memo on September 17, 2014. Because of the delay in mailing the Order to Bonty, and because the Government has suggested an alternative way to handle Bonty's Rule 41(g) motion (file it in the closed

*criminal* case instead of opening a new civil matter), the Court **HEREBY EXTENDS** to **October 1, 2014** the deadline by which Bonty can file a memo stating his position on the issues raised in the Court's 8/17/14 Order (i.e., where to properly file Bonty's motion for return of property, and whether the motion is timely).

IT IS SO ORDERED.

DATED September 19, 2014.

s/ *Michael J. Reagan*
Michael J. Reagan
United States District Judge